Good morning, may it please the Court, Lauren Goldman for the Pharmacia Appellants. You may proceed. This case was remanded by the District Court on the basis of the local controversy exception to CAFA jurisdiction. That is a very narrow exception that is designed to reserve for the state's purely local disputes. Because this is not a purely local dispute, the exception simply is not applicable here. The Pharmacia defendants were sued in this case based on the conduct of a company called Old Monsanto. Old Monsanto was a Missouri company that manufactured PCBs for many years until 1977. The plaintiff's claims against Old Monsanto are typical product liability claims. They say that Old Monsanto acted tortiously in connection with the design, manufacture, and sale of PCBs to what plaintiffs call a wide variety of industrial customers for what they say is a wide variety of industrial uses, and that some of those PCBs made their way into Nevada and ended up at the rail yard site. Those are classic product liability claims against a national manufacturer for conduct that was directed across the United States. And therefore, this is not a local controversy, and the local controversy exception is inapplicable here. Old Monsanto faces dozens of cases like this one, where plaintiffs in jurisdictions around the United States claim that the company's conduct in connection with the manufacture and sale of PCBs caused harm to the environments and to the plaintiffs. To be sure, we don't agree with that theory, but the point is that these cases are all brought on the same theory, and they're all brought in different jurisdictions around the United States. So there are three independent reasons why the local controversy exception doesn't apply here, and I'd like to start with principal injuries, which we think is the clearest one. The local controversy exception does not apply unless the plaintiff can meet their burden of showing that the principal injuries resulting from the conduct of each defendant were incurred in the forum state. And to answer that question, the Court doesn't just look at the plaintiffs in the case before it. It looks at the allegations in the complaint against the defendant and says, okay, based on these allegations, could people in other states sue this defendant on this same theory? Oh, sorry, Your Honor. It looked like you were going to ask a question, so I'm tossing it. I guess I will. So the statute says the alleged conduct or any related conduct of each defendant, and your brief doesn't especially emphasize any related conduct. What do you think is the scope of related conduct under the statute? Right, Your Honor. I mean, I don't think that that question is presented here because this case is about one unified course of conduct. So if the Court looks at the pages in the complaint about old Monsanto, they are just you know, this is around paragraph 227 of the complaint. It's just one unified course of conduct. Like, they made this product, they knew that the product was risky, they sold it to third parties, third parties incorporated it into a wide variety of things, those things made their way into the United States. The or related conduct phrase is interesting. It came up in a case in the Third Circuit called Kaufman, and in that case, the defendant had issued insurance policies into a bunch of different states. So that case came out of New Jersey, and the defendant had issued insurance policies to, I believe, car owners in New Jersey. And the issue in the case was the plaintiff said that the car insurance policies weren't fair because they didn't pay if you got into an accident and the value of your car was diminished. And the Court said, well, or is in the alternative. So the plaintiff can satisfy the exception unless either the principal conduct or related conduct happened out of State. Our position is that doesn't really make sense in terms of a way to look at this. I think the way what Congress meant by or related conduct is like if I said to you, the groceries are being delivered, if there's any fruit in there like apples or oranges, please put it in the fridge. What Congress was doing was it was saying if any of the conduct or related conduct happened out of State and injured people in other States, then the case is not subject to the local controversy exception. And that's clear from the sorry, did I interrupt the Court? But your view, I take it, is that we don't need to reach the Kaufman interpretation of whether or is destructive in this context? No. Yeah. No, I was just addressing it in case the Court was curious about the Kaufman case. And what about, I mean, obviously, our status is not binding on us. But the sort of mode of analysis that it reflects seems to be like you could easily have characterized transportation of asbestos as like a nationwide activity. But they said, well, you know, plaintiffs are just alleging the harm caused by it in Libby, Montana. So what is that different in some way or do you think that's totally different? I think the way our state, I think our state is right. And I think it's totally harmonious with what we are arguing here. So what happened in our stat was that the railroad BNSF was accused of mishandling asbestos on a four and a half mile stretch of railway in Libby, Montana. So the conduct with the negligence that took place in Libby, Montana, BNSF didn't really have any evidence that this had happened anywhere else. It said, well, maybe it did. We do ship this around. But the Court said, I don't know, there's one instance here, it doesn't really seem analogous. And the Court said two things that are really important here. One is that it said if the plaintiffs were alleging a policy of corporate malfeasance, the case would come out differently. And of course, that's exactly what our plaintiffs are alleging in the complaint. They say, you made this product, you sold it nationwide, you knew it was dangerous, you didn't tell. That's tortious. That is the exact thing that our stat distinguished. And that, frankly, is in line with all of the district courts, both before and since our stat, that have said if you're talking about corporate conduct, then the local controversy exception doesn't apply. The other thing that's important about our stat is that they focused on the fact that NSF had engaged in the allegedly negligent conduct in Libby, right? There's no allegation here that Old Monsanto did anything in Nevada, even that it shipped its product into Nevada. The allegation is that it sold its products from out of state, and that some of those products once incorporated into the products of third parties, quote, made their way onto the rail yard site. So for those two reasons, this case is totally different from our stat, and there would be no reason for the court to disapprove our stat in order to correctly construe the local controversy exception here. So plaintiffs, and this is related, plaintiffs' main argument, and they rely on, well, a couple things. I want to go back to the Senate report, which this court found useful in both Benko and our stat in construing the local controversy exception, because the Senate report makes very clear what Congress intended when it said that the principal injuries had to occur in state. The court said, you know, if the defendant, sorry, the court, the Senate report says if the defendant could be accused of the same course of conduct by people in other states, then the case doesn't qualify for the local controversy exception. The plaintiffs' main argument also comes out of the Senate report. They say environmental disasters are the archetype of principal injuries occurring in the forum state, and so I just wanted to briefly address that. In order to determine whether this is an environmental disaster, the court has to look at the allegations against the defendant who is removing, which here is Old Monsanto, and at the risk of repeating myself, the allegations against Old Monsanto all revolve around this allegation that it engaged in a nationwide course of conduct. So these are standard issue product liability claims based on things that happened at corporate headquarters, not allegations about something that happened locally, like a train fire or a plant explosion. And again, we come back to the same thing. The conduct that Old Monsanto is alleged to have engaged in didn't happen in Nevada, which is why, as to it, it is not a local dispute. A second reason why the local controversy exception, I'm sorry, Laura? Do you think it's a local dispute as the claims against CalNeb are a local dispute? They may be, but it doesn't matter because the point of the exception is that any, as you know, defendant who is removed under CAFA, it doesn't even need the agreement of the other defendants. And when Congress said each defendant, it meant each and every defendant's conduct that gave rise to the injuries, those injuries have to be felt in state exclusively. So what Congress made clear was that even if one or more of the defendants did act locally, if another defendant acted nationally, then the case was not within the exception because the purpose of CAFA jurisdiction is to allow a defendant like Old Monsanto that engaged in nationwide conduct. What if the conduct is intrinsically intertwined? I mean, this is a toxic dump, right? Part of the dump is Monsanto chemicals and part of the dump is toxic spills from CalNeb. I mean, I'm not sure you can actually separate out which thing actually caused the injury. Right, but that's why the court, why the whole case should be litigated in federal court. The point of CAFA is to permit defendants in class actions to have their defenses heard in federal court. Like it's clear that that is what CAFA is for. There is this very narrow exception for purely local cases that are brought by a local defendant against local defendants, sorry, a local plaintiff against local defendants for things that happen locally. If any of the defendants didn't act locally, yes, the case can be intertwined, but it has to be heard in federal court because any defendant can invoke CAFA. And if any defendant can show, well, actually, if the plaintiffs are unable to establish, to meet their burden of establishing the local controversy exception against any of the defendants, then the local controversy exception is not applicable and the case must be litigated in federal court. So it's not that we're saying that the claims against these other defendants have to be litigated separately. We're saying that the case, the controversy, has to be litigated in federal court under CAFA. Did that answer the court's question? Yes. Do you want to reserve your time? Yes, I'll reserve my time for that. Thank you, Your Honor. Thank you. Go ahead. Yes, please. Okay.  Good morning, Your Honors. May it please the court. Lindsey Dibbler on behalf of the employees at Clark County Government Center and at and on their property. This court has only addressed the local controversy exception in two cases involving environmental exposure. That case is the Arstead case and the Allen v. Boeing case. In those cases, the local controversy exception was found to apply and in those two cases, the district court's opinion to remand those cases back to the local forum, the state court, was upheld. The appellants in this particular case have cited to a number of class action cases addressing the local controversy exception, but none of those cases, not one of those cases involve environmental exposures or environmental disaster. What they do is they are putative class action suit consumer cases where the class is made up of individuals or made up of a class of consumers who bought a product out in normal commerce. That is not this case. This case is about individuals who were on property that was totally contaminated by various chemicals, including PCBs. It's not that these plaintiffs bought a product that was in the stream of commerce. They simply were exposed and were injured by being on the property. Right. So if we take the text of the statute, you have to show that the principal injuries resulting from the alleged conduct or any related conduct, but set that aside, injuries or principal injuries from the alleged conduct of each defendant, so here Monsanto, were incurred in Nevada. How is that the case here? Well, first of all, and I'm going back to the congressional report where it does indicate that exposures, environmental exposures are intrinsically principal injuries that occur in a local forum. And the way in which this happens, and I know that the appellants have characterized this as a products liability case, as a strict liability case, it is not. The action that's been brought against the appellants is a negligence failure to warn case. And when the court was talking about being intrinsically intertwined, they had a duty, the duty to warn. But they weren't warning anybody. It's not like they warned all the people in California, be careful of PCBs, and everybody in Oregon, and everybody in Arizona, but they just didn't warn Nevada. They were, I mean, your complaint goes through in some detail. They were producing PCBs, selling them all over the country, and maybe all over the world. And that was, if that was negligent, that was negligent everywhere. And if there wasn't a warning, there wasn't a warning anywhere. So there were people all over being injured by the PCBs, right? Well, in this particular instance, the products that they were selling the PCB chemical to, they knew or should have known that those products were specific to the railroad industry and were going to be used by Union Pacific Railroad at their site. But Union Pacific is not just a Nevada railroad. Like, they operate throughout, well, certainly the United States. I don't know if they go into Canada. But, I mean, they're all over, right? Right. But in the punitive class action cases that they cite as support, you don't have to go through the proof that you have to prove in a common law negligence action. So it's not simply that they created or designed a dangerous chemical and then sold that to companies. It's the fact that they knew that that dangerous chemical, and this is what has to be proven by the appellees, is that they knew that that dangerous chemical was going to be leaked and contaminate the property. And it was foreseeable then that that would affect anybody coming onto the property. And every other property where it was placed. And there were lots of properties where it was used throughout the country, right? Not everywhere where PCBs are leaked does it cause damage to individuals. You have to show that a certain level. Have you alleged anything in the complaint to suggest that there was something unique about this particular site where, like, PCBs leaking onto the Union Pacific Railroad, rail yard in Las Vegas, were dangerous in a way that they weren't when they leaked onto other properties that were then developed? I mean, I didn't see anything like that in the complaint. We have alleged a connection directly between the leak and contamination on the property to the injuries that have been occurred by the people working on the property. We have alleged that the appellants knew that in closed systems or in open systems, leakage could occur and contamination could occur. We've also alleged the fact that they knew that these products were going to be used on that site because they were specifically used in the railroad industry, would be used by Union Pacific Railroad. So these are oils and lubricants that are specifically used by Union Pacific Engines. These are paints that are the colors that are specifically used by Union Pacific. And these are transformers that were specifically used in Union Pacific Engines. So they did have knowledge, or they could have learned of the knowledge, that these leaks were going to occur on that property and contaminate that property. It was reasonably foreseeable that it could occur, and in this particular instance, it did occur. But, I mean, that's all important in establishing your case on the merits against Monsanto. I don't understand how it shows that the principal injuries from Monsanto's conduct were incurred in Nevada rather than in all the other places where these things happened. Well, looking at the Arstead case, this court in the Arstead case recognized the fact that that BNSF railroad mishandled tainted vermiculite with asbestos in other locations all across the nation and exposed people who became injured. But yet they found that not relevant because those cases were separate because of the exposures. Yes, you can have exposures in different parts of the nation, but you have to show in every single location that that exposure rises to a level that will cause injury. And that's different in every case. It's different that you have to directly prove when they were exposed, how long they were exposed, and does that level then cause the injury. So that's completely different from all the consumer cases that are cited in support, and it does create a negligence action for the contamination of the property because the Union Pacific used all those products for decades without warning, without information of the dangerous nature. The duty to warn arises where the foreseeable risk of harm will occur. So if the duty arises at the site, at Union Pacific's site, then the conduct, or in this case the failure to warn, which creates the breach of that duty, also occurs at that site. It's not just simply negatively occurring everywhere that PCBs are located. Can you address the Senate report for the benefit of those who find legislative history helpful? You know, because the court there distinguishes, you know, you have a leak at a manufacturing plant that, you know, poisons people in the neighborhood. That's local. You're manufacturing something at the plant that you send throughout the country that injures people everywhere. That's not local. I mean, that's sort of the dichotomy that they set out. Why isn't this in the second category? Well, I think that in the congressional report they were very specific about environmental exposures. That was something that, in passing the exception, they said, you know, they identified that as something different and distinct between any other product that might be sold across the nation because they found that environmental exposures creating injury at a specific location greatly impacts the citizens of that location. And so there's great interest by a local forum in those circumstances to handle a case of that nature. And in this case, it's exactly what happened. Now, yes, it's- Well, except that, I mean, it's not environmental exposures as such. It's environmental exposures that are localized, right? So if the Monsanto plant had a leak or if, you know, a truck full of- you know, Monsanto's truck full of PCBs, you know, fell over someplace, then it was the people next to the truck were suing because they were injured by it. That might well be different, but this is a product- this is just an injury from a product that was sold in a sort of undifferentiated way all over the place, right? So the fact that it's environmental doesn't seem to answer the question of whether it's localized, which is what the statute really cares about, right? Well, I agree. The statute does care about whether it's local. You know, the focus on is it local. And to answer that question, I would have to say that, you know, the contamination is what I believe is the important element. The contamination that wouldn't have happened but for the fact that they failed to warn about the dangerous nature of the product. Now, does that occur elsewhere? Yes, it does occur elsewhere. And they have cited to other instances where the appellants have been sued because of PCB exposure. A lot of those cases are handled in state courts. A lot of the cases they identified are handled in state courts. How is it different is because of the facts of the location. How the products were used, how the PCBs were leaked, how the contamination occurred, and the fact of how these individuals, the appellees, were exposed to that contamination. That's really what makes this all different. It would be the same in the R-State case, the exposures that they did in other parts of the nation of mishandling asbestos-laden vermiculite. But they found that completely different because it was impacting this local environment. So there is a third prong, the requirement that during the three-year period preceding the filing of that cost action, no other cost action has been filed. And isn't there evidence that another cost action has been filed against old Monsanto? The only instance that Monsanto, the appellants, have filed as evidence of another class action is the case of City of Long Beach versus Monsanto. That is a putative class action involving only municipalities, the City of Long Beach, other cities, counties, states, that claim that in their waters they tested and identified PCBs into their waters. Not one individual is identified as ever being injured by the PCBs that are in those waters. That putative class and the class members, it's only that they found PCBs in the waters that could potentially cause damage to the municipalities, not to any single individual. So it's not the same facts or factual allegations against the same plaintiffs or other persons. And that is the way in which that section applies. So the particular case or evidence that there are other class actions of what they put forward is simply inapplicable. Do you think that Arstead is the most important case on determining what are the principal injuries? Because principal involves comparative. And it seemed like Judge Morris in Arstead was saying, well, we had most or almost most of the injury in Libby. So that's where the principal injuries are. Is your complaint alleged that your site was where the principal injuries are? Because you're right, conceptually, that just because Monsanto sold product nationwide doesn't mean the injuries were nationwide. That's correct. In the complaint, we don't use the word principal injuries. What we do is we show that the allegations are 100 percent of the plaintiffs are injured from the contamination from PCBs and other contaminants. So in Arstead, Arstead is one case, and I believe it is the most analogous case to the situation that occurred in the city of Las Vegas, simply because the impact of the contamination and the impact to the individuals are so localized at the government center. But in Arstead, the panel said that BNSF, and I think this is the point that Ms. Goldman made, BNSF provided no evidence that the injuries suffered in Montana resulted from a corporate policy of malfeasance that affected victims nationwide. Your complaint contains extensive allegations of a corporate policy of selling this stuff nationwide without warning people about it. So that seems the exact opposite of what Arstead had. Well, definitely in a common law negligence action, you have to show that there was negligence on the part of the appellants. And that negligence is the fact that they knew about the dangerous nature of the PCBs. And that, and the fact that they, you know, the failure to warn is that they did not put out the information regarding that, the hazard. You know, the basis for the claim is really the foreseeability that was going to harm people where the contamination occurred. So was it malfeasance? Yes. But then there's much more that has to be shown in a common law negligence action. I believe my time is up, but if there are any further questions. Your time's not up, but you don't necessarily need to use all of it. Oh, okay. All right. Do you have any other questions? The only other thing I guess I would say, the other elements have been met by the appellees. There was some question or argument that what was used by the district court was a but-for test to establish the basis element that the cause of action against the redevelopment agency was a significant basis. And that's simply not the action. I mean, we cited to Banco, we've cited to the cases of RA, it was a district court case, RA versus Amazon, and also to the Allen versus Boeing case, which established that what you have to look at in comparison is are you making a colorable claim against the local defendant? And are the allegations against the local defendant distinct or independent from the allegations that you're making against other defendants? The but-for test in the discussion by the district court was simply to establish that a colorable claim was being made against the RDA. So it certainly has been argued that it was used to establish that, but the district court did use a comparison analysis, which is what Banco requires. All right. Thank you very much, Counsel. Thank you. Ms. Goldman?  Your Honor, I'll be very brief. Three quick points. On the principal injuries point, the test is not foreseeability. The test is not whether it may or may not have been foreseeable to Old Monsanto that some of its products would end up in Nevada. As the court pointed out, the test is whether the principal injuries resulting from that nationwide course of conduct were felt in Nevada. Plaintiffs have not met their burden of showing that that was so. I wanted to point out that during his argument, my friend mentioned some products that he says were specific to Union Pacific. I don't believe that that appears in the complaint. I'm not familiar with those allegations. Second, on the prior class action point, my friend argued that the City of Long Beach case is not relevant because the plaintiffs in that case are municipalities, but the Supreme Court made it clear in Moore v. Alameda in, I believe, 1973, that municipalities are citizens for the purposes of diversity jurisdiction, and so that class action fully qualifies here. And finally, I wanted to speak briefly about the plaintiff's problem that they have not identified a local defendant whose conduct formed a certain significant basis for the plaintiff's claims. We believe the district court did apply a but-for causation test, but that's sort of neither here nor there, because even on appeal, it's very clear that the redevelopment agency's ownership, passive ownership of the site for a few months in 1992 does not form a significant basis for the plaintiff's claims. The plaintiff cited the Allen v. Boeing case. That case actually shows why they haven't satisfied this requirement. That case was against two defendants, Boeing and Landau. The claim was that Boeing had dumped toxic chemicals on its site and that the plume had extended beyond the site into the neighboring environment. And Boeing said, well, it's really our fault. It's not Landau's fault. We're the principal defendant. The principal injuries are all from us, and so there's no local defendant with a significant basis. And the court said, no, Landau was an agency that you hired to prevent this chemical spread. And for over 10 years, they failed to do that, and that's why the toxic plume went outside Boeing's land. This case could not be more different. The plaintiffs do not allege that the redevelopment agency contributed to the pollution in any way, that it allowed the pollution to spread. All they allege is that it passively owned the site for a few months before transferring it for $1 to the county. They do allege that the redevelopment agency failed to investigate or warn, but they also allege that Clark County already knew of the problems. So that doesn't, I think, satisfy it. I am out of time. Thank you for your time. Okay. Thank you very much, counsel. Employees, the Clark County Government Center v. Monsanto is submitted, and this session of the court is adjourned for today. Thank you very much, counsel. All rise. This court for this session stands adjourned.
judges: WARDLAW, IKUTA, MILLER